HAWKES, J.,
Dissenting.
I respectfully dissent. Each of Appellant’s seven claims are conclusively refuted by the record attachments to the court’s order denying postconviction relief.
First, Appellant asks this court to assume his son’s anticipated testimony would have been more persuasive than and not merely cumulative of his own. However, the record does not indicate a reasonable likelihood that Appellant’s son’s testimony would have affected the outcome at trial. It is unreasonable to assume Appellant’s counsel was ineffective for failing to proffer Appellant’s son’s testimony.
Second, Appellant asserts nothing more than a conclusory description of what his father supposedly said sometime before his death. Even assuming Appellant’s father made admissible dying declarations, nothing of record shows the statements were exculpatory of Appellant or impeaching of a State witness. In fact, the record shows Appellant’s father made declarations opposite what Appellant claims on appeal.
Third, Appellant’s counsel cannot be deemed ineffective for declining to adduce inadmissible evidence. Without more, Appellant’s assertions that Officer Gomez was out to “get” Appellant and his family are too tangential to be considered relevant and are inadmissible to prove the officer’s corruption or bias. Likewise, Appellant’s counsel cannot be deemed ineffective for reaching a strategic decision reasonable under the norms of professional conduct. Appellant’s counsel’s decision to avoid arguing that Officer Gomez attempted to pressure another officer into changing her testimony was strategic and does not support post conviction relief. I also do not believe Appellant’s counsel can be deemed ineffective for declining to introduce evidence of the value of the boat Officer Gomez purchased from a victim’s widow. The record does not indicate that Appellant’s counsel knew or should have known of the purchase or that Appellant told his counsel of the purchase in time for him to verify the facts and incorporate them into cross-exam.
Fourth, Appellant concedes that his counsel did inquire of the SAO about the polygraph test and that the inquiry “came *551 up negative.” Nevertheless, Appellant demands relief, asserting Appellant’s counsel’s inquiry was “perfunctory” and “halfhearted.” Without more, this claim is speculative at best and does not support relief.
Fifth, there is no indication Appellant’s counsel’s decisions of whether or not to object during the State’s closing argument were not reasonable and strategic. Appellant’s counsel objected four times during the State’s closing argument, once successfully. The record indicates Appellant’s counsel was active and discerning and that there is no reasonable likelihood the State’s remarks unfairly prejudiced Appellant.
Sixth, in his postconviction motion, Appellant asserted only that his counsel was “aware” of his drug use, not that he had been specifically informed of such. On appeal, such alleged awareness became an assertion that his counsel could “easily see” the effect of the drug use. Appellant’s counsel’s mere awareness that Appellant was using psychotropic drugs would not necessarily have given rise to a duty to seek a jury instruction. To the contrary, if the visible and audible effects of the drugs were minimal, Appellant’s counsel might have decided no explanation was necessary. Without record support, Appellant asserts that the “jury obviously didn’t accept him as credible and a large part of that was because [his] demeanor ... was not what would be expected.” In reality, Appellant has no idea why the jury rejected his defense. He raises no viable argument indicating the jury was influenced by the effect of drugs on his testimony.
Seventh, Appellant’s counsel informed the court that one victim’s widow was behaving inappropriately in the courtroom. The court responded by indicating “steps would be taken” if the widow’s behavior continued. No steps were taken. The only reasonable inference for the lack of objection and court interaction is that neither Appellant’s counsel nor the court perceived the widow’s subsequent behavior as significant. Appellant’s claim that the widow behaved improperly to elicit sympathy from the jurors is too attenuated and speculative to sustain relief.
I would AFFIRM.